UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SALZGITTER MANNESMANN
INTERNATIONAL (USA) INC.

        Plaintiff,

v.                                        Docket No.

M/V ISLAND MARINER, her engines,
tackle, boilers, etc. *in rem,* LYNX SHIPPING
CO., CLIPPER STEEL SERVICES LTD.,
and SIOMAR ENTERPRISES LTD.

        Defendants.
------------------------------------------------------------x

# COMPLAINT

1.     Plaintiff, Salzgitter Mannesmann International (USA) Inc. ("Salzigitter") by its attorneys, Hill Rivkins LLP, complaining of the M/V Island Mariner, *in rem,* Lynx Shipping Co. ("LYNX"), Clipper Steel Services Ltd. ("Clipper"), and Siomar Enterprises, Ltd. ("Siomar") (collectively "Defendants"), alleges upon information and belief:

2.     This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, or pursuant to 9 U.S.C.A. § 8, preservation of *in rem* security for arbitration.

3.     At and during all the times hereinafter mentioned, Salzgitter was the consignee and owner of the cargo in question and brings this action on its own behalf and on behalf of all who may become interested in the cargo. Salzgitter had and now has the legal status and principal office and place of business stated in Schedule A attached.

4.    At and during all the times hereinafter mentioned, Lynx Shipping Co., Clipper Steel Services Ltd. and Siomar Enterprises Ltd., had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above-named vessel which now is, or will be, within the jurisdiction of this Court during the pendency of this action.

5.    On or about December 20, 2014, at the port of Antwerp, Belgium, the M/V ISLAND MARINER and defendants Lynx Shipping Co., Clipper Steel Services Ltd., and Siomar Enterprises received, in good order and condition, the shipment described in Schedule A, which the vessel and defendants accepted and agreed to transport for certain consideration to the Port of Houston, Texas.

6.    Thereafter, the vessel arrived at the Port of Houston, Texas, where the cargo was found short delivered, contaminated by seawater or other aggressive chemical substance, and /or physically damaged, causing monetary damages to Plaintiff as enumerated herein. On information and belief, the vessel and defendants Lynx Shipping Co., Clipper Steel Services Ltd. and Siomar Enterprises breached, failed and violated their duties and obligations as common carriers and were otherwise at fault.

7.    Plaintiff further alleges, in the alternative and without waiving the above cause of action, that all defendants were bailees of plaintiff's cargo described in Schedule A. Defendants delivered the cargo described in Schedule A in a damaged condition or short

delivered, which condition did not exist at the time of plaintiff's/bailor's delivery to the bailee as described in Schedule A. Defendants breached their duties and obligations as bailees and were negligent.

8.  Plaintiff was the shipper, consignee and/or owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

9.  Plaintiff has duly performed all duties and obligations on its part to be performed.

10. By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of TWO HUNDRED THIRTY THOUSAND SIX HUNDRED FIFTY-THREE AND 98/100 DOLLARS ($230,653.98).

11. All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

Wherefore, Plaintiff prays:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages together with interest and the costs and disbursements of this action;

3. That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this court will be pleased to pronounce a judgment in favor of plaintiff for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

4. That this court will grant to plaintiff such other and further relief as may be just and proper.

Dated: January 12, 2016
      New York, New York

                                      HILL RIVKINS LLP
                                      Attorneys for Plaintiff

                                      _____
                                      Andrew J. Warner
                                      45 Broadway – Suite 1500
                                      New York, New York 10006
                                      Tel: (212) 669-0600
                                      awarner@hillrivkins.com